**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WESLEY GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAREERA SMITHSON, BENNIE | ) | Case No: 19-CV-06196 |
| WILLIAMS, III, MELINDA BONTE, KELLY | ) | |
| POLLARD, Individually and in her capacity as | ) | |
| Talent Manager, Belvidere Assembly Plant, FCA | ) | Judge Virginia M. Kendall |
| US LLC, MARK KREUSAL, Individually and | ) | |
| in his Capacity as Unit Manager, FCA Body in | ) | |
| White Department, SUSANA CAMACHO, | ) | |
| JEANNE ELLIS, DE'TAYVON BURRELL and | ) | |
| PAUL E. STARKMAN, Individually, And in his | ) | |
| Capacity as FCA Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT STARKMAN'S MOTION FOR SANCTIONS

Defendant, Paul E. Starkman ("Starkman") moves this Court for sanctions against Plaintiff Wesley Gamble, and his attorney, Calvita Frederick ("Frederick"), pursuant to Federal Rule of Civil Procedure 11(c)(1). In addition, Defendant seeks sanctions against Frederick pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to sanction and award attorney's fees against an opposing counsel. In support of this motion, Starkman states as follows:

### PRELIMINARY STATEMENT AND DEFENDANT'S COMPLIANCE WITH FRCP 11(C)

Plaintiff was employed by FCA US LLC ("FCA") and following his termination, sued FCA for race discrimination under Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. §1981, disability discrimination under the Americans with Disabilities Act ("ADA"), and age discrimination under the Age Discrimination in Employment Act ("ADEA"). That case is

pending before this Court, *Gamble v. Fiat Chrysler Automobiles*, Case No. 1:18-cv-04520 (hereinafter "*Gamble I*").

Plaintiff now brings this action (hereinafter "*Gamble II*") against Starkman, FCA's counsel in *Gamble I*, attempting to assert five claims against Starkman for race discrimination under 42 U.S.C. §1981 (Count I), civil conspiracy (Count II), intentional misconduct (Count III), negligent supervision (Count IV) and defamation (Count V). These claims are based on the same facts underlying *Gamble I* and on Starkman's actions defending FCA in *Gamble I*. None of the claims in this action are valid.

At the Court's status on November 25, 2019, Starkman's counsel summarized the grounds for dismissal of *Gamble II,* and the Court set a briefing schedule on Starkman's anticipated motion to dismiss (ECF No. 9). Later that same day, Starkman's counsel sent Plaintiff's counsel his proposed Motion for Sanctions setting forth in great detail the deficiencies with the claims in *Gamble II*, and attaching Starkman's Declaration (see Exhibit A attached hereto). Further, defense counsel asked Plaintiff to voluntarily dismiss his claims in lieu of Defendant filing his motion to dismiss. Plaintiff failed to voluntarily dismiss his claims and never responded to Defendant whatsoever.

### PLAINTIFF FAILED TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

Accordingly, on December 23, 2019, Starkman filed a motion to dismiss all claims against him, on the very grounds Starkman shared with Plaintiff's counsel four weeks earlier. Pursuant to the court's briefing schedule, Plaintiff had until January 7, 2020 to respond to Defendant's motion. To date, Plaintiff has not responded to Defendant's motion to dismiss and filed no opposition to it. As explained more fully below, sanctions are warranted here because Plaintiff's claims are frivolous and have been brought for improper purposes.

### THE APPLICABLE LEGAL STANDARDS

**I.  Sanctions Under Rule 11**

Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

In reviewing motions for Rule 11 sanctions, a district court must determine, "based on the objective record, whether a sanctioned party took a reasonable position under the circumstances." *Magnus Elecs., Inc. v. Masco Corp.*, 871 F.2d 626, 629 (7th Cir. 1989). "A position is unreasonable if it is frivolous or improper." *Id.*  A position is "frivolous" if the party asserting it failed "to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification." *Id.*; *see also Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000) ("[F]or Rule 11 purposes a frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry") (internal quotation omitted). *See, e.g.*, *Hartz v. Friedman*, 919 F.2d 469, 475 (7th Cir. 1990) (affirming imposition of Rule 11 sanctions made when civil RICO claim dismissed for failure to state a claim where it appeared from pleadings that "counsel neglected to make reasonable inquiry into the applicable law before filing").

Rule 11 is intended to "lend incentive for litigants to stop, think, and investigate more carefully before serving and filing papers." *Berwick Grain Company, Inc.* at 217 F.3d 505. The Seventh Circuit has instructed that "[t]he district court in analyzing a Rule 11 sanction claim

should determine if there has been a 'callous disregard for governing law or the procedures of the court . . .'" *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs.*, 9 F.3d 1263, 1269 (7th Cir. 1993) (*citing Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992). The court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Inter. Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations omitted). Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions upon a party if the requirements of Rule 11(b) are not met.

## II.    Sanctions Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of § 1927 is to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (citations omitted). An award under § 1927 is compensatory, not punitive. *Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009).

Bad faith is required for a § 1927 award, but there is a distinction between subjective and objective bad faith. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). Subjective bad faith, which is more difficult to prove, is not always necessary and "must be shown only if the conduct under consideration had an objectively colorable basis." *Id.* Objective bad faith does not require a finding of malice or ill will; instead, reckless indifference to the law will qualify. *Id.* The Court has discretion to impose § 1927 sanctions when an attorney has acted in an

"objectively unreasonable manner" by pursuing a claim that is without a plausible legal or factual basis. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Additionally, § 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201, n.6 (7th Cir. 1990). If a lawyer pursues a path that a reasonably careful lawyer would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. *Intellect Wireless, Inc. v. Sharp Corporation*, 7 F. Supp. 3d 817, 844 (N.D. Ill. 2015) (citations omitted).

## III. The Court's Inherent Authority to Sanction

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)); *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) ("A court has inherent power, which is to say a common law power, to punish by an award of reasonable attorneys' fees or other monetary sanction, or to prevent for the future by an injunction, misconduct by lawyers appearing before it."). These sanctions are appropriate where a party or their counsel has practiced fraud upon the Court, acts in "bad faith by delaying or disrupting the litigation," hampers enforcement of a court order, or when a party is responsible for defiling "the very temple of justice." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (quotations omitted). "This power is 'permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court.'" *Flextronics Ina, USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd.*, 230 F. Supp. 3d 896, 906-07 (N.D. Ill. 2017) (quoting *Salmeron*, 579 F.3d at 797).

"[T]he primary aspect of [this Court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. These

powers should be invoked when "in the informed discretion of the court, neither [a] statute nor the Rules are up to the task." *Id*. at 50. This authority includes circumstances where "conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address," because "requiring a court first to apply Rules and statutes containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves." *Id*. Therefore, "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id*. at 49.

## ARGUMENT

This Motion arises out of the frivolous and harassing actions by Plaintiff and his attorney, Ms. Frederick, in filing and maintaining a new lawsuit (*Gamble v. Smithson, et al., i.e. Gamble II*) for the improper purpose of re-litigating issues against Starkman that have been (or could have been) decided by this Court in *Gamble I*. Even a cursory examination of the two complaints shows the many duplicative and frivolous aspects of the instant Complaint. As fully discussed in the Memorandum in Support of Defendant Starkman's Motion to Dismiss (ECF No. 1) and summarized below, the grounds for sanctions are abundant: (1) *Gamble II* is duplicative of *Gamble I*; (2) all the claims in *Gamble II* were or could have been brought in *Gamble I*, rendering this action an invalid exercise in claims-splitting; (3) many of the claims against Starkman in *Gamble II* are based on Starkman's conduct defending *Gamble I* and thus, are barred by the absolute attorney litigation privilege; and (4) some of the claims asserted against Starkman are simply not actionable as a matter of law. Consequently, this Motion requests the Court to address the improper filing of *Gamble II* by using the various enforcement mechanism

- 6 -

at its disposal under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and this Court's inherent authority to sanction.

## I.     Plaintiff's Claims are Duplicative and He Has Engaged in Claim Splitting

Plaintiff's claims against Starkman are barred and frivolous because Plaintiff has engaged in improper claim splitting. *Digital Dynamics Software, Inc. v. Eclipse Gaming Systems, LLC*, 2018 WL 2463378 at *5 (N.D. Ill. 2018)(Kendall, J.). The allegations in the "Facts Relevant to All Counts" in *Gamble II*, (Complaint ¶¶ 14-55) are nearly identical to the "Facts Relevant to All Counts" in *Gamble I* (Complaint ¶¶ 6-37). Moreover, in Count I of *Gamble II*, Plaintiff alleges that Starkman (and the other defendants) discriminated against him based on his race in violation of §1981, which is exactly what he claimed in his §1981 counts in the *Gamble I*. In fact, paragraphs 14-18, 21-42, 53, 68-72, and 76 in the *Gamble II* Complaint are identical to paragraphs 6-10, 21-32, 37, 59-63, and 67 in the *Gamble I* Complaint.

Even the state law tort claims added to *Gamble II* (civil conspiracy, "intentional misconduct," negligent supervision) arise out of the same facts and allegations that Plaintiff litigated for over a year in *Gamble I*, specifically that Starkman and the other defendants discriminated and conspired against him based on his race in connection with the 2015 investigation against him, his 2016 performance evaluation, and the 2017 investigation of Gamble's inappropriate conduct that resulted in his termination. Plaintiff could have raised the claims in *Gamble II* when he filed the complaint in *Gamble I*, or he could have amended his complaint in *Gamble I* to add Starkman, but never did. He cannot now bring an entirely new lawsuit against a party he failed to sue in *Gamble I*. *Digital Dynamics Software, Inc. v. Eclipse Gaming Systems, LLC*, 2018 WL 2463378 at *8 (N.D. Ill 2018)(Kendall, J).

The legal system provides ample opportunities for litigants to vociferously challenge the

actions of opposing counsel. Plaintiff and Ms. Frederick repeatedly (but unsuccessfully) abused the tools available to them to challenge Starkman's conduct in connection with *Gamble I*. They filed multiple frivolous motions against Starkman in *Gamble I* (that were uniformly denied) in which they resorted to inflammatory, unsubstantiated, and false allegations against Starkman, including baseless accusations that he was racist. (Response by W. Gamble in Opposition to Motion by Defendant to Enforce Court's May 23, 2019 Order Compelling Plaintiff's Deposition, *Gamble I* ECF No. 50). In *Gamble I*, Plaintiff and his counsel also frivolously requested sanctions against Starkman because FCA withdrew from a settlement conference. (*Gamble I* ECF No. 36). They moved to disqualify Starkman because he gave his business card to Plaintiff at his deposition (*Gamble I* ECF No. 58) and they made other unsubstantiated and false claims of impropriety. All of Plaintiff's counsel's motions against Starkman were uniformly denied by this Court in *Gamble I*. (*Gamble I* ECF Nos. 39, 56, 63, and 79).

Undeterred by this Court's consistent rejection of their claims against Starkman in *Gamble I*, Plaintiff and his counsel Ms. Frederick crossed the line of zealous advocacy and improperly instituted a second lawsuit (*Gamble II*) in which they sued Starkman individually and in his representative capacity of FCA's outside counsel. By filing these duplicative lawsuits, Plaintiff and his attorney are trying to flaunt this Court's Orders and do an end-run around this Court's rulings in *Gamble I*. Their new complaint in *Gamble II* is duplicative, frivolous and presented for the improper purposes of harassing Starkman and needlessly increasing the cost of litigation in violation of Rule 11, § 1927 and this Court's inherent authority. *Copeland v. Tom's Foods, Inc.*, 456 Fed. Appx. 592, 2012 WL 164028 at *2 (7th Cir. 2012) (affirming sanctions where a plaintiff's attorney had filed a complaint, duplicating a pending action previously filed by the plaintiff).

If there was any doubt as to Plaintiff and Ms. Frederick's improper motives for filing *Gamble II*, that doubt was dispelled following: (1) their failure to respond to Defendant's November 25, 2019 request to voluntarily dismiss *Gamble II*, and (2) their failure to respond to Defendant's December 23, 2019 motion to dismiss all claims in *Gamble II*. Sanctions must be awarded to address their abuse of the legal process.

**II.     The Absolute Litigation Privilege Bars Most of the Claims Against Starkman**

The claims against Starkman stem from his representation of the defendant FCA in *Gamble I*. Complaint ¶¶ 54-55 (ECF No. 1). All of Plaintiff's state law claims are barred by the absolute litigation privilege and must be dismissed. Indeed, Illinois courts repeatedly have held "[t]here is no civil cause of action for misconduct which occurred in prior litigation." *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152 at ¶28, citing *Harris Trust & Savings Bank v. Phillips*, 154 Ill.App.3d 574, 585 (1987). See also, *Squires-Cannon v. Forest Preserve District of Cook County*, 2016 WL 561917 at *8 (N.D. Ill. 2016)(Kendall, J.); *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677 ¶19.

**III.     Count II for Civil Conspiracy Fails to State a Claim**

In Count II, Plaintiff asserts a claim for civil conspiracy, but this claim fails because there is no independent cause of action underlying the conspiracy allegations. Moreover, Plaintiff cannot point to evidence showing the existence of a conspiracy and Starkman's knowing participation in it, nor can Plaintiff allege specific facts warranting an inference that Starkman was a member of the conspiracy. *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 923-34 (N.D. Ill. 2012). Lastly, the conspiracy claim fails under the intracorporate conspiracy doctrine which extends to consultation between outside legal counsel and an entity such that these communications are not a conspiracy. *See Travis v. Gary Cmty. Mental Health*

*Ctr. Inc.*, 921 F.2d 108, 111 (7th Cir. 1990); *Squires-Cannon v. Forest Preserve District of Cook County*, 2016 WL 561917 at *6 (N.D. Ill. 2016)(Kendall, J.). Thus, the actions of FCA's employees and Starkman, FCA's outside legal counsel, cannot constitute a conspiracy.

## IV. Count III for Intentional Misconduct Fails to State a Claim

Count III purports to assert a claim against Starkman for intentional misconduct. However, Illinois does not recognize such a cause of action, and Starkman had no duty of reasonable care, or of honest, good faith and fair dealing, to the adversary of his client (FCA).

## V. Count IV for Negligent Supervision Fails to State a Claim

Plaintiff's negligent supervision claim does not allege any facts establishing the elements of this claim as to Starkman. Instead, Plaintiff has alleged facts foreclosing the elements of this claim. Accordingly, Plaintiff has pled himself out of court and cannot state a claim for negligent supervision against Defendant Starkman.

## VI. Count V for Defamation Fails to State a Claim

Plaintiff's last claim against Starkman is one for defamation. This claim is frivolous because it is barred by the statute of limitations and there was no third party publication.

### CONCLUSION

Contrary to Rule 11 and 28 U.S.C. § 1927, Gamble and Ms. Frederick have multiplied the proceedings unreasonably and vexatiously by engaging in frivolous litigation, abusive practices and pursuing claims that are without any plausible legal or factual basis. Moreover, when given notice of their frivolous complaint, they failed to act and have not contested Defendant's Motion to Dismiss. As a result, an award of fees and costs is warranted under Rule 11, §1927 and this Court's inherent authority.

For all the foregoing reasons, Defendant, Paul E. Starkman, respectfully requests this Court to: (1) sanction Plaintiff and his counsel's conduct under Fed. R. Civ. P. 11; (2) find Plaintiff's counsel liable under 28 U.S.C. § 1927; and (3) enter sanctions as provided by Rule 11 and 28 U.S.C. § 1927, and this Court's inherent authority, including attorneys' fees and costs.

**PAUL E. STARKMAN**

By: /s/ Carol A. Poplawski
    One of His Attorneys

Carol A. Poplawski (ARDC # 6192132)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
Carol.Poplawski@ogletree.com
(312) 558-1220

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 31, 2020, she filed the foregoing DEFENDANT STARKMAN'S MOTION FOR SANCTIONS with the Clerk of Court using the ECF system, which will send notification to the following individual:

> Calvita J. Frederick
> CALVITA J. FREDERICK & ASSOCIATES
> P.O. Box 802976
> Chicago, IL 60680-2976
> calvita.frederick@att.net

/s/ Carol A. Poplawski

40382310.1